Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 3517 | **DATE** | 8/4/2004 |
| **CASE TITLE** | Blackmon-Mooring Steamatic... vs. County of Cook, Illinois et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ■ Status hearing set for 9/7/2004 at 9:30 A.M..

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] **ENTER MEMORANDUM OPINION:** The county's motion (Doc 7-1) to dismiss the complaint is denied in its entirety. BMS is given 30 days to amend its complaint to properly allege the citizenship of 60 West Washington Management Co., LLC. Failure to do so will result in dismissal pursuant to Fed.R.Civ.Proc. 12(h)(3). Ruling set for August 12, 2004 is stricken.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | 2 number of notices |
| | No notices required. | | |
| ✓ | Notices mailed by judge's staff. | AUG 05 2004 date docketed | |
| | Notified counsel by telephone. | | |
| | Docketing to mail notices. | | docketing deputy initials |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | |
| | Copy to judge/magistrate judge. | | 8/4/2004 date mailed notice |
| SCT | courtroom deputy's initials | 2004 AUG -4 PM 3:24 Date/time received in central Clerk's Office | SCT mailing deputy initials |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

BLACKMON-MOORING STEAMATIC )
CATASTROPHE, INC., )
)
Plaintiff, )
)
vs. ) 04 C 3517
)
COUNTY OF COOK, ILLINOIS and 69 WEST )
WASHINGTON MANAGEMENT CO., LLC., )
)
Defendants. )

DOCKETED
AUG 0 5 2004

## MEMORANDUM OPINION

CHARLES P. KOCORAS, Chief District Judge:

This matter comes before the court on the motion of Defendants Cook County and 69 West Washington Management Company, LLC (collectively referred to herein as "the county") to dismiss the complaint of Plaintiff Blackmon-Mooring Steamatic Catastrophe, Inc. ("BMS") pursuant to Fed. R. Civ. Proc. 12(b)(6) for failure to state a claim upon which relief can be granted. For the reasons set forth below, the motion is denied. However, because the jurisdictional allegations of the complaint are deficient, BMS is given 30 days to amend its pleading to properly allege diversity jurisdiction. If it fails to do so within that time, we will dismiss the complaint *sua sponte*.

## BACKGROUND

According to the complaint, BMS is a Texas corporation that provides cleanup services for commercial and industrial properties after catastrophic events. In October 2003, the county and BMS entered into a Service Contract whereby BMS would perform fire restoration work at the county's building located at 69 West Washington in Chicago.[1] The contract provided a "budgetary amount" for the cost totaling $4,565,810.00. BMS completed the restoration over the course of several weeks, during which it issued periodic invoices to the county. The amounts invoiced total $6,801,736.54. To date, the county has paid $5,348,728.81. The complaint asserts two counts: one for breach of contract and one for accounts stated. The relief sought is identical – the $1,453,007.73 difference between the amount invoiced and the amount paid thus far by the county.

The county has moved to dismiss the complaint in its entirety pursuant to Rule 12(b)(6).

## LEGAL STANDARD

A Rule 12(b)(6) motion to dismiss is used to test the legal sufficiency of a complaint. Gibson v. City of Chicago, 910 F.2d 1510, 1520 (7th Cir. 1990). In ruling

---

[1] Defendant 69 West Washington Management Co., LLC manages the county's building.

on a motion to dismiss, a court must draw all reasonable inferences in favor of the plaintiff, construe allegations of a complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. Bontkowski v. First Nat'l Bank of Cicero, 998 F.2d 459, 461 (7th Cir. 1993); Perkins v. Silverstein, 939 F.2d 463, 466 (7th Cir. 1991). The allegations of a complaint should not be dismissed under this rule unless it is patently clear that the plaintiff cannot prove any set of facts in support of the claim that could entitle him to relief. See Conley v. Gibson, 355 U.S. 41, 45–46 (1957). A pleading need only convey enough information that the defendant is able to understand the gravamen of the complaint. Payton v. Rush-Presbyterian-St. Luke's Med. Ctr., 184 F.3d 623, 627 (7th Cir. 1999). With these principles in mind, we consider the county's motion.

## DISCUSSION

### A. Count I: Breach of Contract

To state a claim for breach of contract in Illinois, a plaintiff must allege the existence of a valid and enforceable contract, fulfillment of all of the plaintiff's obligations thereunder, breach by the defendant, and injury resulting from the breach. See Unterschuetz v. City of Chicago, 803 N.E.2d 988, 991 (Ill. App. Ct. 2004). The county alleges that the complaint comes up short on the third and fourth elements. Specifically, it argues that it has not breached the agreement because it has paid BMS

everything that it agreed to pay under the contract and then some, which would also negate any allegation of injury to BMS.

BMS counters that the $4,565,810 figure is not the contract's price term. Instead, it claims, the price was to be calculated pursuant to the terms of another document: the Time and Materials Rate Schedule attached to the complaint as Exhibit 2. It is undisputed that this document was not attached to the Service Contract when it was executed, but a contract may incorporate all or part of another document or instrument by reference. See Provident Federal Savings and Loan Assoc. v. Realty Centre, Ltd., 454 N.E.2d 249, 251 (Ill. 1983). When a document is incorporated by reference, its contents are to be construed as a whole with the remainder of the documents memorializing the parties' agreement. See Kirschenbaum v. Northwestern Univ., 728 N.E.2d 752, 762 (Ill. App. Ct. 1999).

Here, ¶ 3 of the Service Contract provides, "[f]or portions of the Work priced on a time and materials basis, the amount due shall be in accordance with Exhibit A, Rate Schedule." The "Scope of Work" document, which the county admits to be part of the contract, specifically states that "[t]he job will be done on a Time and material basis." Scope of Work, at 5. It is true that ¶ 10 of the Service Contract, which lists the documents making up the contract, does not indicate that the rate schedule is a portion of the parties' agreement. However, for purposes of a motion to dismiss, this

contradiction does not mandate a judgment in favor of the county. Construing the facts in a light most favorable to BMS, the complaint alleges that the rate schedule was part of the contract at its inception. Not only does this make all of the county's arguments regarding contract modification and authority to modify beside the point, it means that the complaint alleges each of the elements required for an Illinois breach of contract claim. See Unterschuetz, 803 N.E.2d at 991. Accordingly, Count I survives the county's 12(b)(6) challenge.

## B. Count II: Accounts Stated

The county also contends that Count II, which alleges an action for accounts stated, is legally insufficient. Its argument rests primarily on the premise that the rate schedule was a modification to the parties' agreement. For the reasons stated above, we cannot accept that assumption at this stage of the proceedings. Instead, under the applicable legal standard, we must frame our consideration in light of the reasonable inference that the parties contemplated inclusion of the terms of the rate schedule when they executed the Service Contract.

In Illinois, an account stated is an agreement between parties who have previous transactions that the account representing those transactions is true, that the balance stated is accurate, and that the party owing the balance will pay. See W.E. Erickson Construction, Inc v. Congress-Kenilworth Corp., 477 N.E.2d 513, 519 (Ill. App. Ct.

1985).  BMS's complaint alleges prior transactions in the form of the cleanup work performed for the county, an implied agreement that the account representing the transactions is true by virtue of the payment of the five prior invoices that were calculated according to the terms of the rate schedule, and a promise to pay the remaining amount explicitly made by the county within the contract and implicitly reinforced by the prior payment of invoices for an amount well in excess of the "budgetary amount" listed within the Scope of Work document.  This is sufficient to withstand a motion to dismiss under Rule 12(b)(6).

**C. Jurisdictional Allegations**

Finally, we address an issue that the parties have apparently not considered. This action is brought in federal court on grounds of diversity jurisdiction.  See 28 U.S.C. § 1332(a)(1); Complaint, ¶ 5.  Defendant 69 West Washington Management is a limited liability company.  As such, it is a citizen of every state of which any member is a citizen, and if any member is also a limited liability company, partnership, or similar organization, multiple layers of citizenship are present and must be properly laid out in the complaint.  See, e.g., Mutual Assignment and Indemnification Co v. Lind-Waldock & Co., LLC, 364 F.3d 858, 861 (7th Cir. 2004); Cosgrove v. Bartolotta, 150 F.3d 729, 731 (7th Cir. 1998).  At present, the complaint gives only the principal place of business of this party and states that it is organized under Illinois law.  This

is insufficient to allow us to determine whether 69 West Washington Management is a citizen of Texas, and we cannot satisfy our obligation to ensure that the parties are completely diverse. See, e.g., Macklin v. United States, 300 F.3d 814, 819 n.5 (7th Cir. 2002). Consequently, we will allow BMS 30 days to amend the complaint to properly allege the citizenship of the limited liability company. As this investigation should have been conducted prior to the complaint being filed, that time period should be more than sufficient. If the deficiency is not remedied within that time, the complaint will be dismissed in its entirety pursuant to Fed. R. Civ. Proc. 12(h)(3).

## CONCLUSION

Based on the foregoing analysis, the county's motion to dismiss the complaint is denied in its entirety. BMS is given 30 days to amend its complaint to properly allege the citizenship of 69 West Washington Management Co., LLC. Failure to do so will result in dismissal pursuant to Fed. R. Civ. Proc. 12(h)(3).

_Charles P. Kocoras_
Charles P. Kocoras
Chief Judge
United States District Court

Dated: AUG - 4 2004